IN THE UNITED STATES BANKRUPTCY COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Case No.: 15-38786 |
| CHARLES BALL | ) | |
| LISA BALL | ) | |
| | ) | Judge Jack B. Schmetterer |
| Debtors. | ) | Trustee Tom Vaughn |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On June 22, 2016, Charles Ball and Lisa Ball, ("Debtors" or "Plaintiffs"), came before this Court for hearing upon proper notice. The Court having reviewed and considered the Motion and Exhibits attached thereto and being otherwise fully advised in the premises and having entered an Order of Default, now makes and enters the following Finding of Facts and Conclusions of Law and separately enters judgment in favor of Plaintiffs in this matter.

Plaintiffs brought this action pursuant to 11 U.S.C. § 506 (a), § 506 (d), and the Federal Rules of Bankruptcy Procedure Rules 3012 and 7001 (2) seeking to determine the value of the Defendant's interest in Debtors' residential real estate and to determine the status of Defendant's claim.

### Finding of Facts

1. Plaintiffs filed the instant Bankruptcy Case, 15-38786, on November 13, 2015 under Chapter 13 of the U.S. Bankruptcy Code, currently pending before this Court.

2. The Creditor, **US DEPARTMENT OF HEALTH AND URBAN DEVELOPMENT**, is upon information and belief, an entity engaged in the business of consumer lending in the State of Illinois, and which maintains a principal place of business in some other state other than the State of Illinois.

3. The Plaintiffs own real property located at 309 N. Long Street, Chicago, Illinois 60644 with a PIN number of 16-09-303-009-0000.

4. The Plaintiffs' interest in the residential property is subject to a first lien from a mortgage held by **WELLS FARGO BANK N.A.** This original mortgage was recorded on June 30, 1992 with the Cook County Recorder of Deeds. There is due and owing on said mortgage at least $101,295.41 per Schedule D filed in the bankruptcy case.

5. The Plaintiffs' interest in the residential property is subject to a second lien from a mortgage held by **US DEPARTMENT OF HEALTH AND URBAN DEVELOPMENT**. This original mortgage was recorded on September 19, 2003, with the Cook County Recorder of Deeds as Document Number 0410617018. There is due and owing on said mortgage at least $14,707.08 per Schedule D filed in the bankruptcy case.

6. The lien securing the second mortgage of Defendant **US DEPARTMENT OF HEALTH AND URBAN DEVELOPMENT**, is junior to the first mortgage owed to **WELLS FARGO BANK N.A.**

7. The Plaintiffs allege that when they filed the bankruptcy petition, the value of the property was $70,000.00.

8. As of the Petition date, the amounts due and owing on the first mortgage lien exceeds the value of the real estate.

9. The Debtors' Chapter 13 Plan provides that the Defendant's claim will be treated as an unsecured non priority claim.

## Conclusions of Law

10. This proceeding arises from the above-captioned Chapter 13 case under Title 11 of the U.S. Code. This Court has both personal and subject matter jurisdiction to hear this case pursuant to §§ 1334 and 157(b)(2) of Title 28 of the United States Code.

11. This is a core proceeding and the Bankruptcy Court has jurisdiction to enter a final order.

12. Venue lies in the District pursuant to § 1409 of Title 11 of the United States Code.

13. Pursuant to § 506(a), "an allowed claim of a creditor secured by a lien on property in which the estate has an interest...is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition..."

14. Pursuant to § 506(d), "to the extent that a lien secures a claim against a debtor that is not an allowed secured claim, such lien is void..."

15. Pursuant to § 1322 (b)(2), "the plan may modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence..." See First Bank, Inc. v. Van Wie, 2003 WL 1563959 (S.D. Ind. 2003); In Re Mann 249 B.R. 831, 840 (1st Cir. BAP 2000); In Re Pond, 2001 U.S. App. Lexis 11287 (2nd Cir. 2001); In Re McDonald, 205 F.2d

6060 (3rd Cir. 2000); Bartee v. Tara Colony Homeowners Association, 212 F.3d 277 (5th Cir. 2000); In Re Lam, 211 BR36 (9th Cir. BAP 1357); In Re Tanner, 217 F.3d 1357 (11th Cir.).

16. This Court decided in In Re Milliletti Forrest, 410 B.R. 816 (September 16, 2009), that valuations of alleged wholly unsecured junior mortgages are to be conducted through an adversary proceeding.

17. The United States District Court for the Northern District of Illinois in In Re Bettye Jean Holloway, 2001 U.S. Dist LEXIS 16898 (October 16, 2001), decided that § 1322 (b)(2), does not protect secondary lien holders whose interest is not supported by some value in the residence and their claim must be determined to be at least partially secured under § 506(a) to be protected from modification.

18. Further, in In Re Dinisha D. Walters, 276 B.R. 879 (April 25, 2002), the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, decided that where a junior creditor's lien was wholly secured, it should be stripped off of the Debtor's residence and avoided if the Debtor performed under the confirmed plan and made all required payments.

19. At the time of the filing, the amount due of the first mortgage exceeded the value of the Real Estate; therefore the Defendant's mortgage lien is wholly unsecured and may be avoided and cancelled.

20. The Defendant's lien has been proven to be wholly unsecured and pursuant to 11 USC 506 can be cancelled upon successful completion of Debtor's Chapter 13 plan.

21. The secured claim of the Defendant against the real estate located at 309 N. Long Street Chicago, IL 60651 is valued at zero.

22. The Plaintiffs are entitled to a Judgment Order declaring that, upon successful completion of the Debtors' Chapter 13 plan and entry of Debtors' Discharge, the lien of Defendant shall be rendered null and void. The Court retains jurisdiction to enter orders in aid of this judgment after the Debtors' Discharge.

Date: 8/3/16

United States Bankruptcy Judge

Smith Ortiz P.C.
Attorney for Plaintiffs
4309 W. Fullerton Ave.
Chicago, Illinois 60639
Tel.: (773) 384-7400
ted.smith@smithortiz.com